**Fui Djin TAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74182.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2004.*

Decided June 15, 2004.

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Andrew M. Eschen, Esq., U.S. Department of Justice, Civil Div./Office of Immi-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

gration Lit., Washington, DC, for Respondent.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Fui Djin Tan, a native and citizen of Indonesia, petitions for review of the summary affirmance by the Board of Immigration Appeals of the denial of her application for asylum, 8 U.S.C. § 1158(a), withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture. As this is a streamlined case, we review the decision of the immigration judge ("IJ"). 8 C.F.R. § 1003.1(a)(7). We deny the petition.

We review the IJ's decision to see if there is substantial evidence to support it. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court may reverse the IJ's factual findings only if "a reasonable factfinder would be compelled to find the petitioner eligible for the relief sought." *Gomez–Saballos v. INS*, 79 F.3d 912, 914 (9th Cir.1997).

The IJ made no adverse finding regarding Tan's credibility. Thus, we "assume that [Tan's] factual contentions are true." *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000).

While frightening, being slapped once by a stranger and robbed once at knife-point in the Eighties, being in the city of Jakarta during the May 1998 riots, and being aware that her church was attacked do not compel a finding of persecution on account of her race or religion. Random street crime and general lawlessness are insufficient to support a claim of persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995); *see also Singh v. INS*, 134 F.3d 962, 967 (9th Cir.1998) ("Mere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum to everyone who wishes to improve his or her life by moving to the United States without an immigration visa.").

Even though Tan fears future persecution, the record supports the IJ's conclusion that her fear is not objectively reasonable. There is no evidence of a particularized, individual basis for fearing that she personally would be targeted, and general country conditions cannot suffice to establish the reasonableness of an asylum-seeker's personal fear of future persecution. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Country reports show that religious and ethnic strife in Indonesia continue, but that tolerance has improved. In these circumstances, a reasonable factfinder would not be compelled to find that Tan had a well-founded fear of future persecution.

Necessarily, Tan cannot show that she was eligible for withholding of removal, or for relief under the Convention Against Torture, because the standard of proof for both is higher than for establishing eligibility for asylum. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000); *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.